UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:

DEBORAH SOUCY,

    Plaintiff,

vs.

MEDICAL BUSINESS CONSULTANTS, INC.,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. Plaintiff, DEBORAH SOUCY [hereinafter "Plaintiff"], alleges violation(s) of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. [hereinafter "FDCPA"] and pursuant to Florida Statutes § 559.55 et seq. [hereinafter "FCCPA"] versus MEDICAL BUSINESS CONSULTANTS, INC. for abusive debt collection practices.

2. Plaintiff DEBORAH SOUCY (hereinafter "Plaintiff") further alleges violations of the Florida Consumer Collection Practices Act pursuant to Florida Statutes § 559.55 et seq. [hereinafter "FCCPA"] against, MEDICAL BUSINESS CONSULTANTS, INC. The FCCPA mandates that "no person" shall engage in certain practices in collecting consumer claims whether licensed by the division or not. This court has held that this language includes all allegedly unlawful attempts at collecting consumer claims. Williams v. Streeps Music Co., 333 So. 2d 65, 67 (Fla. 4th DCA 1976

3. Plaintiff brings this action seeking damages against Defendant for abusive debt collection practices.

1

## LEGAL STANDARD

4. The characterization of the FDCPA as a strict liability statute is generally accepted. See, e.g., LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1190 (11th Cir. 2010). Pursuant to Florida Statute 559.55`(2), (The FCCPA), "nothing in this part shall be continued to limit or restrict the applicability of the Fair Debt Collection Practices Act to consumer collection practices in this state.  This part is in addition to the requirements and regulations of the federal act.  In the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer shall prevail."

### Trial By Jury

5. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all counts stated within and any issues so triable.  See U.S. Const. amend. 7; Fed. Civ. P. 38.

### Jurisdiction and Venue

6. This Complaint is subject to the jurisdiction of this Court pursuant to 28 U.S.C. § 1331, § 1337, § 1367 and pursuant to the FDCPA 15 U.S.C. §§ 1692 et seq. and the FCCPA §§ 559.55 et seq.

7. Venue is proper in this because the alleged acts and transactions complained of occurred here, Plaintiff resides here, and Defendant transact and/or conduct business here, and Defendant illegally attempted to collect a debt from Plaintiff within this venue.

### Parties

8. Plaintiff is a natural person who currently resides in the city of Coconut Creek, located in Broward County, Florida

9. Plaintiff is a "consumer" as defined by the FDCPA and FCCPA. See 15 U.S.C. § 1692a(3); Fla. Stat. § 559.55(2).

10. Plaintiff originally received medical care and treatment from Dr. Fred Frederigos, as a result of a slip and fall injury. Plaintiff saw Dr. Frederigos, an in-network provider, received Epidural Steroid Injections, and was released. At the time of this treatment, Plaintiff was fully covered by United PPO and was responsible for nothing more than her co-payment. Even if not, the balance of $8,090.00 is not a reasonable and customary medical charge for the treatment received. Plaintiff has communicated with Defendant advocating this position to no avail.

11. MEDICAL BUSINESS CONSULTANTS, INC. is a "debt collector" as well as defined by the FDCPA at 15 U.S.C., Section 1692a(6), and they are registered with the state of Florida as a debt collector.

## SUMMARY

12. Defendant, despite being given notice by Plaintiff failed to address and correct the error has continued in their illegal efforts to collect the above referenced debts.

13. As a result of Defendants actions violating provisions of the FCCPA, the Plaintiff incurred substantial damage, including but not limited financial damage. See Fla. Stat. § 559.72(9).

14. As a result of Defendant MEDICAL BUSINESS CONSULTANTS, INC. action violating multiple provisions of the FDCPA the Plaintiff to suffered substantial unnecessary damage, including but not limited to financial damage. See 15 U.S.C. § 1692c(b); § 1692e(2); § 1692e(8); § 1692e(10); § See1692f(1).

## Factual Allegations

15. The FDCPA is a strict liability statute (480 F3d 493 (7th Cir.2007) and as a result, a debt collector is responsible under many provisions of the FDCPA for a deviation from the FDCPA's requirements without regard to intent or knowledge or the willingness of the violation.

As noted in paragraph 4 above, Pursuant to Florida Statute 559.55`(2), (The FCCPA), "nothing in this part shall be continued to limit or restrict the applicability of the Fair Debt Collection Practices Act to consumer collection practices in this state. This part is in addition to the requirements and regulations of the federal act. In the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer shall prevail."

16. Defendant has sent dunning letters to Plaintiff and/or engaged in other conduct to extract payment from her, such as "parking" this illegitimate debt on Plaintiff's credit report, which is an attempt to collect a debt.

17. Due to Defendant's poor account resources and deficient billing practices, apparently Plaintiff was charged an invalid and improper amount on an account that Plaintiff was not legally liable for.

## COUNT 1
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

18. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. The foregoing act and omission of the Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to the Plaintiff.

20. As a result of the Defendant's violation of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendants for:

A) Damages and

B) Attorneys' fees and costs.

## COUNT 2
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(2)

21. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. Defendant falsely represented the character of the debt that was allegedly owed to Defendant.

23. Defendants attempted to collect the debt from Plaintiff that it knew was not legitimate.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

A) Damages and
B) Attorneys' fees and costs.

## COUNT 3
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692f(1)

24. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. Defendants falsely represented the character of the alleged debt that was allegedly owed to Defendant.

26.     The alleged debt that Defendant attempted to collect from Plaintiff was not expressly authorized by the agreement creating the alleged debt nor was it permitted by law.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendants for:

A)     Damages and

B)     Attorneys' fees and costs.

COUNT 4
VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT 555.72(9)

27.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28.     Defendant expressly and willfully claimed and/or threatened to enforce an alleged debt owed by Plaintiff that Defendant(s) knew was not legitimate, had no legal right to, and was inaccurate and/or invalid.  See Fla. Stat.§ 559.72(9) (2011) (stating that it is unlawful for a debt collector to "claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist").

29.     As a result of the above violations of the FCCPA, Defendant is liable to the Plaintiffs for actual damages and statutory damages of $1,000.00 per named Defendant found liable, together with attorney's fees and all costs of Plaintiff's representation.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment against all Defendant(s) for all of the following:

       a. Actual damages;

b. Statutory damages pursuant to Fla. Stat. 559.72(2);

c. Reasonable Attorneys' fees pursuant to both 15 U.S.C. § 1692 and Fla. Stat. §559.77(2);

d. Such other and further relief as the Court may deem to be just and proper.

e. Plaintiff respectfully demands trial by jury in this action.

## Relief Requested

WHEREFORE, based on the above stated in this complaint Plaintiff has been the subject of Defendant's abusive and unfair practices in their debt collection activity was in violation of the FDCPA and FCCPA.  Plaintiff respectfully requests this Honorable Court to enter judgment in favor of the Plaintiff on all counts and requested forms of relief and against Defendant on all counts within limits of the law.

Dated: August 17, 2012                    Respectfully Submitted,

s/ J. Dennis Card, Jr.
J. Dennis Card, Jr., Esq.
Email: Dcard@Consumerlaworg.com
Florida Bar No.: 0487473
Consumer Law Organization, P.A.
2501 Hollywood Boulevard, Suite 100
Hollywood, Florida 33020
Telephone: (954) 921-9994
Facsimile: (954) 921-9533
Attorney for Plaintiff